UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARRELLYN QUIANA PETTY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-02520 |
| J.D. BYRIDER SYSTEMS, LLC d/b/a CARNOW ACCEPTANCE COMPANY a/k/a CNAC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes DARRELLYN QUIANA PETTY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of J.D. BYRIDER SYSTEMS, LLC d/b/a CARNOW ACCEPTANCE COMPANY a/k/a CNAC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is located in the Southern District of Indiana, conducts business in the Southern District of Indiana, and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

### PARTIES

4. Plaintiff is a 36 year-old natural person residing in the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant operates as a used car and retail installment finance company with its principal place of business located at 12802 Hamilton Crossing Boulevard, Carmel, Indiana. Defendant regularly conducts business with consumers located in Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. In approximately May 2014, Plaintiff purchased and financed a 2005 Pontiac Grand Prix ("subject vehicle") through Defendant.

10. For the last three years, Plaintiff has regularly made monthly payments to Defendant and she has nearly paid the subject vehicle off.

11. Towards the end of 2016, Defendant started regularly calling Plaintiff's cellular phone, (317) XXX-2263, regarding a past due amount that was owed.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 2263. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant has most often called Plaintiff's cellular phone mainly using the phone number (800) 252-1111 but has used other numbers as well.

14. Upon information and belief, the phone number ending in 1111 is regularly utilized by Defendant during its collection activity.

15. When answering calls from Defendant, Plaintiff most often experiences a recorded message. During other calls, she is subjected to a noticeable pause, lasting approximately four to five seconds in length, before a live representative begins to speak.

16. From December 2016 through February 2017, Plaintiff had several lengthy conversations with Defendant regarding payment on the subject vehicle.

17. Throughout this time, Defendant would call Plaintiff on a nearly daily basis seeking payment. Plaintiff advised of a dispute over payment and her desire for Defendant to limit its calls to certain hours as they were effecting her work situation.

18. As the calls continued, Plaintiff grew increasingly frustrated with Defendant, eventually demanding that it cease calling her. Although not the first time, Plaintiff explicitly demanded that Defendant cease calling her in March 2017.

19. Despite numerous requests, Defendant continued to call Plaintiff's cellular phone seeking payment.

20. By continuing to relentlessly call Plaintiff, Defendant purposely coerced her into giving her cellular phone number to it after revocation. Such action started a back and forth of calls and demands to stop throughout 2017.

21. Despite Plaintiff's demands, Defendant has continued to regularly call her cellular phone up until the date of the filing of this complaint.

22. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told on multiple occasions that she does not wish to be contacted.

23. Plaintiff has received *at least* 100 calls from Defendant since first asking it to stop calling.

24. Overwhelmed and concerned with Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

25. With the goal of specifically addressing Defendant's conduct, Plaintiff has spent approximately $38.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

26. Plaintiff has been unfairly harassed and mislead by Defendant's conduct.

27. Plaintiff sleep patterns and job performance have been dramatically effected by Defendant calling during hours that she specifically advised we off limits.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The

TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The recorded message as well as the four to five second pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant's is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

32. Defendant violated the TCPA by placing at least 100 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Although she may have originally given consent for Defendant to call her cellular phone, such consent was withdrawn by Plaintiff's demands to stop. It was only after Defendant purposely ignored her requests that Plaintiff was coerced into providing her cellular phone number after revocation. Defendant's conduct was systematically designed to confuse Plaintiff regarding her rights and succumb to its harassment.

33. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DARRELLYN QUIANA PETTY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Enjoining Defendant to cease contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation efforts towards Plaintiff.

37. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

38. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

39. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

40. Defendant's solicitation calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

41. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection calls, Defendant has used an ATDS to

6

relentlessly harass Plaintiff. Defendant was specifically notified by Plaintiff that she wanted the calls to stop. However, Defendant purposefully ignored Plaintiff's prompts in an abusive attempt to collect money from her.

42. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

43. Defendant also placed multiple phone calls to Plaintiff's cellular phone during the same day. Placing numerous calls within a short window was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

44. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

45. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

46. Defendant's conduct is part of an incurable deceptive act to which notice would not remedy. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. The fact that Defendant was provided with notice that Plaintiff did not wish to be contacted, and refused to abide by those notices,

evidenced by calling Plaintiff's phone *at least* 100 times after he demanded that it stop, further highlights that its behavior is incurable.

47. Defendant's conduct is part of a systematic scheme to fraudulently contact consumers in Indiana. Upon information and belief, Defendant conducts the same type of behavior on a wide and frequent basis, which goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

48. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 23 through 28, Plaintiff has suffered numerous damages as a result of Defendant's unlawful solicitation practices, including spending money on the purchase of a blocking application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, DARRELLYN QUIANA PETTY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 26, 2017                               Respectfully submitted,

s/ Nathan C. Volheim                               s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                   Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                              Counsel for Plaintiff
Admitted in the Southern District of Indiana       Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                           Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200              2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                            Lombard, Illinois 60148
(630) 630-568-3056 (phone)                         (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                               (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                           thatz@sulaimanlaw.com